CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 16 2006

JOHN F. CORCORAN, CLERK
BY: _Kalderman_
DEPUTY CLERK

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )     **Civil Action No. 7:05PO589** |
| | ) |
| **ROBERT D. KIGER,** | ) **By:**   **Michael F. Urbanski** |
| | )         **United States Magistrate Judge** |
| **Defendant.** | ) |

## MEMORANDUM OPINION

Defendant Robert D. Kiger ("Kiger") was charged with two Class B misdemeanors arising from events on Philpott Lake, a water resource development project under the administrative jurisdiction of the United States Army Corps of Engineers ("Corps") located in the Western Judicial District of Virginia. In two violation notices, the United States charged Kiger with: (1) cutting down two small dogwood trees near his property on Corps project lands in violation of 36 C.F.R. § 327.14(b); and (2) mooring his unattended pontoon boat in a location not approved by the Corps in violation of 36 C.F.R. § 327.3(h).

At trial on February 16, 2006, Kiger, proceeding pro se, admitted cutting down the dogwood saplings and mooring his boat without Corps approval. As the United States did not prove beyond a reasonable doubt that the dogwood saplings were located on Corps project property, instead of on defendant Kiger's adjoining property, the first violation notice was dismissed.

As to the second violation notice, the facts were undisputed. The United States proved, and Kiger readily conceded, that he tied his unattended pontoon boat to two trees on Philpott

Lake, and that he did not have approval for such mooring. Kiger expressed frustration that there was no approved dock or other place on Philpott Lake for mooring boats.

The legal issue concerns construction of the controlling regulation, 36 C.F.R. § 327.3(h), which provides as follows:

> Vessels shall not be attached or anchored to structures such as locks, dams, buoys or other structures unless authorized by the District Commander. All vessels when not in actual use shall be removed from project lands and waters unless securely moored or stored at designated areas approved by the District Commander. The placing of floating or stationary mooring facilities on, adjacent to, or interfering with a buoy, channel marker or other navigational aid is prohibited.

Kiger argues that the second sentence of § 327.3(h) allows him to leave his boat on Corps project waters without Corps approval so long as it is "securely moored." The United States argues that Kiger may not moor or store his boat on Corps project lands or waters without Corps approval.

Construction of a statute or regulation necessarily begins with an analysis of the language itself. Holland v. Big River Minerals Corp., 181 F.3d 597, 603 (4th Cir. 1999). A court must first "determine whether the language at issue has a plain and unambiguous meaning." Robinson v. Shell Oil Co., 519 U.S. 337, 340 (1997). A court should make "reference to the language itself, the specific context in which the language is used, and the broader context of the statute as a whole." Id. at 341. If the language is plain and "the statutory scheme is coherent and consistent," a court need not inquire further. United States v. Ron Pair Enterprises, Inc., 489 U.S. 235, 240-41 (1989).

2

Kiger founds his argument on the second sentence of § 327.3(h), which provides that "[a]ll vessels when not in actual use shall be removed from project lands and waters **unless securely moored or stored at designated areas approved by the District Commander.**" Kiger argues that the prepositional phrase "at designated areas approved by the District Commander" only modifies the word "stored" and does not modify "securely moored." As his boat was securely moored, Kiger argues that he is not in violation of the regulation.

Kiger's construction, while creative, is true to neither the letter nor spirit of the regulation. Considering the plain meaning of the words as written, the approval of the Corps applies to vessels whether they are moored or stored. The court can fathom no rational reason why approval would apply only to storage as opposed to mooring. In this regard, Kiger's argument is counterintuitive. Given navigation and water safety issues, the Corps has a much more substantial interest in making sure that boats which are moored, and thus remain on Corps waters, are secured in an approved manner, as opposed to boats which are stored on project lands. Regardless, whether moored or stored, the regulation plainly requires Corps approval of mooring and storage of vessels not in actual use on Corps administered waters.

This conclusion is bolstered by consideration of the first sentence of § 327.3(h) which provides that "[v]essels shall not be attached or anchored to structures such as locks, dams, buoys or other structures unless authorized by the District Commander." It is clear from this sentence that no vessel may be attached or anchored to any structure unless done in an authorized manner. Kiger's contention that he can moor his boat with Corps approval or authorization so long as it is done "securely," is undermined by the broad prohibition contained in the first sentence of the regulation against anchoring or attaching to any structure unless authorized.

3

As the United States proved beyond a reasonable doubt that Kiger moored his pontoon boat in violation of 36 C.F.R. § 327.3(h), a judgment Order will be entered this day imposing a fine of $25, plus a processing fee of $25 and a mandatory special assessment of $10, for a total of $60.00, as indicated in open court.

Defendant may appeal this decision and judgment by filing a notice of appeal within ten (10) days to the United States District Court in Roanoke.

Enter this _16th_ day of _March_, 2006.

_____

Michael F. Urbanski
United States Magistrate Judge

4